# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROMANCEE GEORGE,**

    **Plaintiff,**

**vs.**                                     **Case No. 4:17cv370-RH/CAS**

**F. DENMARK, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is pro se in this civil rights case, was required to file a fourth amended complaint. ECF No. 30. Prior to Plaintiff's deadline in November 2018, Plaintiff filed a motion requesting an extension of time in which to comply. ECF No. 29. Plaintiff's motion was granted, ECF No. 30, as was Plaintiff's second motion requesting an extension of time. ECF Nos. 32-33. As of this date, Plaintiff has not filed the amended complaint as directed.

Plaintiff had been warned that a recommendation would be made to dismiss this case if he did not comply with the prior Orders. ECF Nos. 30, 32, and 34. Indeed, earlier in this case a Report and Recommendation

was made to do so because Plaintiff had not timely complied with a court order.  See ECF Nos. 6-9.  When Plaintiff finally complied, the Report and Recommendation was vacated.  ECF No. 9.  In doing so, Plaintiff was warned "that in the future, he must comply with court deadlines."  *Id.*  Despite those warnings, Plaintiff has not complied and his February 5, 2019, deadline to submit the fourth amended complaint is well past.  See ECF No. 34.  It appears that Plaintiff has abandoned this litigation.

The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  A "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."  Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009).  Because Plaintiff has failed to prosecute this case, dismissal is now appropriate.

Case No. 4:17cv370-RH/CAS

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on February 28, 2019.

   S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv370-RH/CAS